**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL A. CERVANTES, | ) Case No. CV 15-8911-AG (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| v. | ) |
| W.L. MONTGOMERY, Warden, | ) |
| Respondent. | ) |

On November 10, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his convictions and 25-years-to-life sentence for attempted robbery and related crimes. (Pet. at 2, 62.)¹ The Petition raises six claims, four of which, Petitioner acknowledges, have not been exhausted in state court. (Id. at 54 (checking boxes indicating that claims have not previously been raised and stating that "Grounds three through six are being held awaiting defense case file, lack of discovery which without this

---

¹ Because the pages of the Petition are not in order, the Court uses the pagination provided by its Case Management/ Electronic Case Filing system.

information Petitioner may not adequately build and attack").) The Court's review of the California Appellate Courts' Case Information website confirms that Petitioner has never filed a habeas petition in the state court of appeal or supreme court. (See also id. at 17 (stating that he has not filed any state habeas petitions).) On direct appeal he raised only grounds one and two of the Petition. (See id. at 4, 22.)

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[2] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & Cty. of S.F., 968 F.2d 850, 856 (9th Cir. 1992) (dictum).

As Petitioner acknowledges, grounds three, four, five, and six of the Petition are unexhausted; Petitioner's inclusion of

---

[2] A habeas petition "shall not be granted unless it appears that — (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1 them thus renders the Petition "mixed," containing both exhausted
2 and unexhausted claims.  Such petitions must generally be
3 dismissed.  See Rose, 455 U.S. at 522.
4      In certain "limited circumstances," a district court may
5 stay a mixed petition and hold it in abeyance while the
6 petitioner returns to state court to exhaust any unexhausted
7 claims.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under
8 Rhines, the prerequisites for obtaining a stay while the
9 petitioner exhausts his state remedies are as follows: (1) the
10 petitioner must show good cause for his failure to earlier
11 exhaust the claims in state court, (2) the unexhausted claims
12 must not be "plainly meritless," and (3) the petitioner must not
13 have engaged in "abusive litigation tactics or intentional
14 delay."  Id. at 277-78.  Although Petitioner needs the Court's
15 approval for a stay of the federal proceedings, nothing prevents
16 him from immediately raising the claims in state court, stay or
17 no stay.
18      Petitioner acknowledges that grounds three, four, five, and
19 six are unexhausted but seems to assert that his good cause for
20 not earlier exhausting them is that he does not have his "case
21 file."  (Pet. at 54.)  But he nowhere explains what steps he has
22 taken to obtain his file, why he needs it, and precisely what
23 documents he is missing.  Indeed, Petitioner acknowledges that "I
24 made progress in obtaining my transcripts," stating that he
25 received them in "late May/early June."  (Id. at 56.)  And given
26 that Petitioner attached to the Petition various documents from
27 the state-court record, he clearly has at least some other
28 portions of his file.  Petitioner also asserts that he has had

limited law-library access because he was in administrative segregation for five months (see id.), but such circumstances generally do not warrant a Rhines stay. See Davis v. Biter, No. 12-CV-3001-BEN (BLM), 2014 WL 2894975, at *8 (S.D. Cal. June 25, 2014). Thus, it is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements, and in any event he has not requested a stay of these proceedings.

    IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner do one of the following:

    (1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines;

    (2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under § 2244(d)(1);

    (3) request that grounds three, four, five, and six of the Petition be dismissed and he be allowed either to proceed on the exhausted claims, grounds one and two, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (as amended) (allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claims, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or

    (4) show cause in writing why this action should not be

dismissed without prejudice for failure to exhaust state remedies.

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.[3]

DATED: November 24, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[3] The Court takes no position at this point on whether the Petition was timely filed under the AEDPA.